*Sherpa v. Lynch*

BIA
Mulligan, IJ
A087 646 994

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

LAKPA SONAM SHERPA,
> *Petitioner,*

v.                                          14-2524
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Michael Lehach, Lehach & Filippa,
                           LLP, New York, New York.

FOR RESPONDENT:            Benjamin C. Mizer, Acting Assistant
                           Attorney General; John S. Hogan,
                           Assistant Director; Todd Cochran,

Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lakpa Sonam Sherpa, a native and citizen of Nepal, seeks review of a July 2, 2014, decision of the BIA affirming an August 26, 2013, decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lakpa Sonam Sherpa,* No. A087 646 994 (B.I.A. July 2, 2014), *aff'g* No. A087 646 994 (Immig. Ct. N.Y. City Aug. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

165-66 (2d Cir. 2008) (per curiam).  For asylum applications like Sherpa's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  The IJ's adverse credibility determination is supported by substantial evidence.

Sherpa claimed that he was beaten and threatened by members of the Nepalese Maoist party when he refused to join and instead joined the Congress Party.  Sherpa testified that he was beaten by Maoists in 2003, but his asylum application made no mention of the beating.  Sherpa explained that the person who prepared his application must have forgotten to include the incident.  This inconsistency is supported by the record.  *See Xiu Xia Lin*, 534 F.3d at 163-64, 166.  Moreover, the IJ was not required to credit Sherpa's explanation for it.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

3

In addition, the IJ reasonably relied on other discrepancies in the record. Sherpa testified that he had two encounters with Maoists in June 2003, but he later stated that he had three such encounters. Sherpa also testified that he did not report any of his contacts with Maoists to police after November 2004, but the record contains a complaint filed in September 2005. Sherpa stated that Maoists threatened his father and demanded one million rupees from him in July of 2009; however, while Sherpa's father's letter does mention a demand for one million rupees, it does not say he was threatened by Maoists. Finally, Sherpa was asked whether his father still lived in Sherpa's childhood home, and he said that he did; he immediately changed his answer, however, stating that his father lived in the same village. The IJ reasoned that Sherpa changed his answer because he had written in his application that Maoists had burned his family's home. The IJ was entitled to rely on the cumulative effect of these discrepancies. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Finally, the IJ relied on his observations of Sherpa's demeanor in finding him not credible. We generally afford

4

particular deference to an IJ's assessment of an applicant's demeanor, especially when those observations are bolstered by specific inconsistencies in the record. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Considering the inconsistencies in the record, as well as the IJ's demeanor finding, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT). Accordingly, we decline to reach Sherpa's challenge to the IJ's pretermission of his asylum application as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

5

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk